## SOUTHERN MARYLAND AGRICULTURAL ASSOCIATION OF PRINCE GEORGE'S COUNTY

v.

## The UNITED STATES.

### No. 185–54.

United States Court of Claims.

Dec. 6, 1955.

Albert R. Crocco, Baltimore, Md., for plaintiff.

Homer R. Miller, with whom was Asst. Atty. Gen. H. Brian Holland, for the defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

The plaintiff sues to recover income taxes paid for the calendar years 1947, 1948, and 1949 in the amount of $209,451.89, plus interest thereon. The defendant has moved for summary judgment on the grounds that we have no jurisdiction by reason of 28 U.S.C. § 1500 and because a decision of the District Court of Maryland is *res judicata*.

The facts alleged in the petition may be summarized as follows: The plaintiff during the years 1947, 1948, and 1949 owned and operated a mile race track at Bowie where horse racing was conducted and pari-mutuel betting was permitted under the laws of Maryland. The Maryland Racing Commission required plaintiff to collect, as agent for the Commission, one-half percent of plaintiff's mutuel pool, which was required to be deposited to the order of the Commission. The plaintiff collected and paid over to the Commission the total sum of $651,641.62 during the years 1944 to 1949, inclusive.

During the years 1947, 1948, and 1949, the Racing Commission paid, out of the funds collected, plaintiff for certain capital additions, alterations and improvements on its race course in the amount of $167,951.48, $202,809.96, and $180,427.76, respectively. These sums were included in plaintiff's income and resulted in an alleged overpayment of taxes for the years 1947, 1948, and 1949 in the amount of $63,821.56, $77,067.78 and $68,562.55, respectively.

The plaintiff duly filed claims for refunds for these years and upon rejection thereof timely filed suit in this court. The plaintiff contends that the payments by the Racing Commissioner were not income but rather capital contributions which were not taxable to plaintiff.

The certified copies of documents taken from the files of the District Court of Maryland, attached to defendant's motion for summary judgment, furnish the following facts: On May 6, 1953, plaintiff instituted suit against the United States in the District Court of Maryland for recovery of the identical taxes involved here. The causes of action, parties, and issues were the same as those in this case.

On August 26, 1953, defendant filed an answer to that complaint. On June 21, 1954, plaintiff filed a motion to discontinue its action without prejudice which motion was opposed by the United States. On August 27, 1954, the District Court denied plaintiff's motion to dismiss. On September 7, 1954, defendant filed a motion for summary judgment and on October 22, 1954, plaintiff filed its affidavit in opposition to the motion.

The District Court granted defendant's motion for summary judgment and on December 15, 1954, entered judgment in favor of the defendant. Southern Maryland Agricultural Association of Prince George's County v. United States, D.C., 126 F.Supp. 125. On November 9, 1955, this decision by the District Court was affirmed by the Court of Appeals for the Fourth Circuit, 227 F.2d 200. Since the causes of action, parties, facts and issues are the same, the decision of the District Court is *res judicata*. Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898.[1]

The plaintiff did not file a reply brief and on oral argument did not really take issue with defendant's position. On oral argument plaintiff's attorney explained why he wanted to dismiss the District Court case and why he tried to have it dismissed by appealing to the Circuit Court on that question. It was because the Circuit Court had recently held on facts sufficiently similar to plaintiff's case to be controlling, in United States v. Maryland Jockey Club of Baltimore City, 4 Cir., 210 F.2d 367, certiorari denied, 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137, that the payments by the Racing Commission were taxable income. The Court of Appeals did, in fact, base its affirmance on that prior opinion. The plaintiff requested on oral argument that the court not dismiss its petition, but rather hold it in abeyance and allow it to file an amended petition to include the calendar year 1950, which was not in-volved in the District Court suit. We appreciate plaintiff's unenviable position but the causes of action for the years 1947, 1948, and 1949 have been adjudicated. If the plaintiff has a cause of action for 1950, it may prosecute that cause of action by filing a separate petition in this court.

The defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.

[1]. With the Court of Appeals having affirmed the District Court, there is at this time no other suit by plaintiff pending against the United States, hence no discussion of the application of 28 U.S.C. § 1500 is needed.